IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 3 1 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| APOLINAR TORRES-ESPINO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-062 |
| § | |
| E.M. TROMINSKI AND § | |
| JOHN ASHCROFT § | |
| § | |
| Respondent. § | |

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

BE IT REMEMBERED that on March 31, 2003, the Court **DENIED** Apolinar Torres-Espino's ("Petitioner") Petition For Writ Of Habeas Corpus [Dkt. No. 1].

I.  **Background**

This case involves various court proceedings that have taken place over the last twenty-two years. Thus, the Court takes some time to detail the procedural, and sometimes substantive, path this Petitioner has taken through the legal system. These background facts are derived from exhibits attached to Petitioner's writ [Dkt. No. 1], Respondent's Return and Motion To Dismiss Petition For Writ Of Habeas Corpus [Dkt. No. 7], and Petitioner's Opposition To INS's Motion To Dismiss And Submission Of Pertinent Portions Of The Record Of Proceedings [Dkt. No. 8].

Petitioner is an adult male, native and citizen of Mexico who became a lawful permanent resident of the United States on August 2, 1978. In 1981, he was convicted of the offense of aggravated assault on a peace officer in the 9th Judicial District Court of Polk County, Texas, and was sentenced to three years probation. In 1983, he was convicted of the offense of attempted murder in the 217th Judicial District Court of Angelina County, Texas, and was sentenced to a term of imprisonment. Petitioner arranged to serve a portion of his sentence in a Mexican prison to make it easier for his family to visit him.

In 1989, Petitioner was placed in deportation proceedings and charged with deportability for having been convicted of two crimes involving moral turpitude not arising from a single scheme of criminal misconduct, pursuant to former 8 U.S.C. §1251 (a)(4), §214 (a)(4) of the Immigration and Nationality Act ("INA"). On March 8, 1990, an immigration judge ("IJ") ordered Petitioner deported after denying Petitioner's application for a waiver of inadmissibility pursuant to former 8 U.S.C. §1182 (c), §212 (c) of the INA. The IJ found Petitioner ineligible for the relief because Petitioner had abandoned his domicile in the United States during and after his incarceration in Mexico, and thus he could not establish the requisite seven years of unrelinquished domicile.

Petitioner appealed, and the Board of Immigration Appeals ("BIA") dismissed his appeal as untimely. Petitioner filed a petition for review with the United States Court of Appeals for the Fifth Circuit which remanded the case to the BIA on a motion by the Immigration and Naturalization Service ("INS").

On remand, the BIA again dismissed Petitioner's appeal. In its February 10, 1995, opinion, the BIA affirmed the IJ's findings that Petitioner had abandoned his lawful permanent resident status and could not establish seven years of unrelinquished domicile as required by 8 U.S.C. §1182 (c), §212 (c) of the INA.

On May 4, 1995, Petitioner filed a motion to reopen and reconsider the BIA's February 10, 1995, decision. Any motion or petition for judicial review was due on or before March 11, 1995. Petitioner's motion, therefore, was late. Petitioner alleges that his former counsel sent him a letter telling him that he had until May 11, 1995, to file a motion or petition for judicial review. On May 8, 1997, the BIA denied Petitioner's motion to reopen and reconsider, citing *Matter of Soriano*, 1997 WL 159795 (Att'y Gen. Feb. 21, 1997), for the proposition that Petitioner was rendered statutorily ineligible for relief under 8 U.S.C. §1182 (c), §212 (c) of the INA, because Petitioner is an alien who committed a criminal offense covered in §241 (a)(2)(A)(iii), (B), (C), or (D). Petitioner filed an appeal with the United States Court of Appeals for the Fifth Circuit which was denied for lack of jurisdiction on August 3, 1998.

In the interim, on July 7, 1997, Petitioner filed a petition for writ of habeas corpus

2

in this Court in civil action B-97-149. Petitioner's case was one in a series of habeas corpus cases alleging that the INS was misapplying the Antiterrorism and Effective Death Penalty Act ("AEDPA") to deny certain aliens relief under §212 (c). The lead or test case fell in Judge Filemon Vela's Court. This Court entered an order in B-97-149 conforming with the findings and rulings in the lead case. The order in B-97-149 decided the retroactive application of the AEDPA §440 (d), denied the INS's motion to dismiss, granted the petition for writ of habeas corpus, vacated the decision of the BIA, and remanded the case to the BIA for further proceedings.

The BIA appealed the decision in B-97-149 to the United States Court of Appeals for the Fifth Circuit. While the appeal was pending new regulations were promulgated effectively validating this Court's decision in B-97-149 by giving aliens subject to AEDPA §440 (d) the right to apply for relief under 8 U.S.C. §1182 (c), §212 (c) of the INA. The INS, therefore, withdrew its appeal, and Petitioner's case was once again before the BIA.

Petitioner then moved the BIA to remand the case to an IJ for a hearing on his application for relief. The BIA considered Petitioner's motion to reopen and reconsider and in its March 4, 2002, decision found there was no adequate basis for reopening and reconsidering the case on any of the grounds put forward by Petitioner.

Petitioner filed this petition for writ of habeas corpus challenging both the February 10, 1995 opinion and the March 4, 2002, opinion of the BIA. Petitioner seeks review of the BIA's decisions (1) "finding that he did not have the requisite seven years lawful domicile in the United States to qualify for §212 (c) relief" and (2) denying Petitioner's "motion to reopen and reconsider and [sic] order his deportation." [Dkt. No. 1, at p.1].

## II.   Habeas Corpus Jurisdiction

Title 28, United States Code, §2241 does not allow the Court, in the absence of constitutional or statutory error, to second-guess the manner in which the INS chooses to exercise the discretion given it by statute. Section 2241 provides that habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241.

> The text is clear both in what it says and what it does not say. Section 2241 explicitly says that one who is in custody may file a habeas petition if he or she alleges that such custody violates the constitution or federal law (or treaties). However, §2241 does not say that habeas is available to challenge purely discretionary (yet arguably unwise) decisions made by the executive branch that do not involve violations of the Constitution or federal law.

*Gutierez-Chavez v. INS*, 298 F.3d 824, 827 (9th Cir. 2002).

### III.   Analysis

The Court addresses Petitioner's claims regarding both the February 10, 1995 opinion and the March 4, 2002, opinion of the BIA.

#### A.   Challenge to the February 10, 1995, Decision Denying §212 (c) Relief

Petitioner challenges the February 10, 1995, decision of the BIA denying him §212 (c) on two bases. First, Petitioner argues that the denial of relief violated due process. Second, Petitioner argues the IJ and BIA erroneously evaluated the evidence in deciding to deny relief. Neither challenge has merit.

##### 1.   Eligibility for §212 (c) Relief Is Not a Liberty or Property Interest Warranting Due Process Protection

Petitioner cannot assert a constitutional claim regarding the February 10, 1995, decision denying him §212 (c) relief. The Fifth Circuit has noted that §212 (c) relief "'was couched in conditional and permissive terms. As a piece of legislative grace, it conveyed no rights, it conferred no status'", and its denial does not implicate the Due Process clause. *Alfarache v. Cravener*, 203 F.3d 381 (5th Cir. 2000) (quoting *Cadby v. Savoretti*, 256 F.2d 439, 443 (5th Cir. 1956)); *see also Gonzalez-Torres v. INS*, 213 F.3d 899, 903 (5th Cir. 1999) (alien has no constitutional right to discretionary relief over which the Attorney General exercises "unfettered discretion"). Other circuits considering the effect of *INS v. St. Cyr*, 533 U.S. 289 (2001), likewise have held that discretionary relief is not a vested right meriting due process protection. *See Oguejiofor v. Attorney General*, 277 F.3d 1305, 1309 (11th Cir. 2002) ("[A]n alien has no constitutionally protected right to discretionary relief or to be eligible for discretionary relief."); *Smith v. Ashcroft*, 295 F.3d 425 (4th Cir. 2002) (§1326 defendant had no liberty

or property interest in §212 (c) relief). Because eligibility for §212 (c) relief is not a liberty or property interest warranting due process protection, Petitioner cannot make out a constitutional claim on the February 10, 1995, order.

### 2. Petitioner's Claims of Erroneous Evaluation of Evidence Are Reviewed for an Abuse of Discretion Not for a Denial of Due Process

Moreover, Petitioner also claims that the February 10, 1995, decision was erroneous because the BIA failed to consider pertinent evidence in the record and drew unwarranted inferences from the evidence in the record. These claims are similar to those rejected by the Fifth Circuit in *Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000). Simply, Petitioner's claims that the BIA erroneously evaluated the evidence are reviewed for an abuse of discretion not for a denial of due process. *See id.* Petitioner's claims of error cannot be reviewed by this Court on a petition for writ of habeas corpus. *See id.* at 475.

## B. Challenge To The March 4, 2002, Decision Denying Petitioner's Motion To Reopen And Reconsider

Petitioner challenges the BIA's March 4, 2002, decision denying his motion to reopen and reconsider on two bases. First, Petitioner argues that ineffective assistance of his former counsel resulted in his filing a petition for review almost two months after the deadline. Second, Petitioner argues that the BIA's decision not to reopen and reconsider violated due process. Neither challenge has merit.

### 1. It Is Not an Abuse of Discretion to Deny a Motion to Reopen Based on Ineffective Assistance If the *Lozada* Factors Are Not Satisfied

Petitioner claims the BIA erred in failing to grant his motion to reopen or reconsider its February 10, 1995, decision because of ineffective assistance of counsel. Petitioner fails to explain how this claim falls within the habeas corpus jurisdiction of this Court. In any event, Petitioner's motion to reopen and reconsider failed to satisfy the requirements for supporting a claim of ineffective assistance of counsel as a basis for reopening as laid out in *Matter of Lozada*, 19 I & N Dec. 637, 639, 1988 WL 235454

(BIA *aff'd* 857 F.2d 10 (1st Cir. 1988)). In *Lozada*, the BIA required: 1) an affidavit by the alien setting forth the relevant facts, including the agreement with counsel regarding the alien's representation; 2) evidence that counsel was informed of the allegations and allowed to respond, including any response; and 3) an indication that, assuming that a violation of "ethical or legal responsibilities" was claimed, a complaint has been lodged with the relevant disciplinary authorities, or an adequate explanation for the failure to file such a complaint. See *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000); *Lozada*, 19 I & N Dec. at 639.

Failure to satisfy these requirements is grounds for denying a motion to reopen or reconsider, and a decision denying such a motion is reviewed for an abuse of discretion. See *Lara v. Trominski*, 216 F.3d 487, 497 (5th Cir. 2000). In *Lara*, just as in this case, the alien admitted he did not complain to the relevant disciplinary authority, instead he attempted to provide an "adequate explanation" for failing to complain arguing that a complaint was unnecessary because the prior counsel's errors were not violations of "ethical or legal responsibilities." *Id.* at 498. The Fifth Circuit disagreed and held that an attorney's failure to inform the alien of the BIA's decision was a violation of "ethical or legal responsibilities" that must be reported to the relevant disciplinary authorities. *Id.* Likewise, an attorney's error in communicating the timetable for an appeal is a violation of ethical or legal responsibilities which must be reported.

The BIA's decision denying Petitioner's motion to reopen and reconsider based on (1) Petitioner's failure to satisfy the *Lozada* requirements and (2) the BIA's implied rejection of Petitioner's explanation for failing to satisfy the requirements will not be overturned by this Court.

### 2. The BIA Did Not Violate Due Process in Deciding Not to Reopen and Reconsider

Petitioner also makes the vague claim that the BIA's March 4, 2002, decision denying Petitioner's motion to reopen and reconsider "violates due process, in that it fails to meaningfully consider the issues raised in Mr. Torres' motions." [Dkt. No. 1, at p.7]. However, the BIA's March 4, 2002, decision is comprehensive in its analysis and

addresses the arguments in Petitioner's motion to reopen and reconsider. Petitioner is left simply arguing that the BIA should have considered the evidence in a manner more favorable to Petitioner, or at least differently than the BIA did in the March 4, 2002, decision. Petitioner has not raised a constitutional or statutory claim for this Court to consider.

### C.   Reinstatement Or Clarification Of This Court's Order in B-97-149

Although the government addressed this issue, Petitioner chose not to argue this issue in his opposition, instead stating that "in the interest of clarity, he will leave those issues for later briefing, if necessary . . .." [Dkt. No. 8, at p.1]. If the order in B-97-149 needs reinstatement or clarification, Petitioner should file an appropriate motion in that case rather than a new and separate petition for habeas corpus.

### IV.   Conclusion

For the foregoing reasons, Apolinar Torres-Espino's ("Petitioner") Petition For Writ Of Habeas Corpus [Dkt. No. 1] is hereby **DENIED**.

DONE at Brownsville, Texas, this 31st day of March 2003.

_____
Hilda G. Tagle
United States District Judge