UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 0 2003

Michael N. Milby
Clerk of Court

APOLINAR TORRES-ESPINO        )
                              )
v.                            )    C.A. No. B-02-062
                              )
E.M. TROMINSKI, INS DISTRICT  )
     DIRECTOR                 )
_____)

### PETITIONER'S OPPOSED MOTION FOR NEW TRIAL AND/OR TO AMEND OR ALTER JUDGMENT

Apolinar Torres-Espino, through the undersigned, and pursuant to Rule 59, F.R.Civ.P. hereby files the instant (opposed) motion for a new trial, and/or to amend or alter the Judgment herein.[1]

### I. THE ERRORS IN THE JUDGMENT

Mr. Torres seeks habeas review of the Decision and Order of the Board of Immigration Appeals, ("BIA"), dated March 4, 2002. (Exhibit B). Said decision denied his "Motion To Reopen For the Purpose Of Filing a Brief In Support Of His Appeal, To Reconsider Finding That He Had Abandoned His Residence, And To Remand Case For Evidentiary Hearing." (G:109).

In its Order on Petition For Writ of Habeas Corpus, (herein cited as (ORD:__), this Court overlooked several crucial points, each of which, in different manners, affected the Court's conclusion that Mr. Torres' Petition could not be sustained.

**First**: in its statement of the Background of the case, the Court incorrectly assumed that, following the February 10, 1995 opinion of the BIA, any "motion or petition for judicial review was due on or before March 11, 1995." (ORD:2). Hence the Court concluded that

---

[1] On April 10, 2002, Lisa Putnam, attorney for Respondents, stated that she would oppose the instant motion.

his motion to reopen and reconsider said decision was late. *Id.* This is incorrect: Mr. Torres' motion was timely filed. [2]

In 1995, there was a time limit on filing petitions for review, but none with respect to motions to reopen or reconsider. The thirty day limit for motions to reconsider, and ninety day deadline for motions to reopen, [3] were not adopted until 1996. *See,* 8 C.F.R. §3.2(a)(2) (1997) (motions to reconsider decision of the BIA must be filed within 30 days of decision, or on or before July 31, 1996, whichever is later); and §3.2(c)(2) (motions to reopen proceedings before the BIA must be filed within 90 days of the Board's decision, or on or before September 30, 1996, whichever is later).

**Second:** in its discussion of the proceedings on remand from the Fifth Circuit after the BIA's erroneous dismissal of Mr. Torres' initial appeal as untimely, (ORD:2), the Court neglected to mention the first error of the office of prior counsel, to wit, the failure to file a brief in support of the appeal. This was the error on which the motion to reopen for the purpose of filing a brief on appeal was primarily based. *See,* (G:95-96).

The attorney from TRLA who had represented Mr. Torres, Margaret Burkhart, had left their employ. On her departure, TRLA should have formally assigned to case to another attorney, who should have entered a notice of appearance on Mr. Torres' behalf. [4] When the

---

[2] The letter from TRLA stated that he had 90 days to file a petition for review. It made no mention of motions to reopen or reconsider. *See,* Petitioner's Exhibit G, at pp. 130-131. As previously, Exhibits will be cited herein, *e.g.,* as (G:130-131).

[3] Even now, the time limit on motions to reopen is generally 90 days, so the aspect of his motion seeking reopening would have been timely, even under the current regulations.

[4] So far as is known, TRLA never re-assigned the case. Rather, the file was informally handed off to another, un-named

case was remanded, a brief should have been filed in support of the appeal. This did not happen. It was this omission which led to the BIA's erroneous affirmation of the finding that he had abandoned his residence, and was therefore ineligible for §212(c) relief. [5] This error was also inappropriate for filing a grievance. [6] Because prior counsel had left the office which represented Mr. Torres, to wit, Texas Rural Legal Aid, a grievance against her would not have been appropriate. A law firm cannot be the subject of a grievance in its own name. And with no attorney assigned to the case by TRLA, there was no-one against whom a grievance could have been filed with respect to the failure to file a brief. [7]

---

attorney, who never entered a notice of appearance or otherwise undertook the representation of Mr. Torres before the BIA.

[5] The second error, where another attorney misinformed Mr. Torres of the time in which he could file a petition for review with the Fifth Circuit, did not affect proceedings before the BIA. It only deprived him of the right to seek direct review. Therefore, this error was cited in support of his claim that he did not deliberately by-pass judicial review, which, under *U.S. ex rel Marcello v. INS*, 634 F.2d 964,971 (5th Cir.), *cert. denied*, 452 U.S. 917 (1981), entitles him to plenary habeas review of that Order. Pursuant to this Court's suggestion, however, Mr. Torres will file a separate pleading with the Hon. Filemon Vela in CA B-97-149, in an attempt to clarify that Court's prior decision respecting the BIA's decision of February 10, 1995.

[6] In denying Mr. Torres' motion to reopen, the BIA neither distinguished between the two errors, nor discussed the claim that no grievance was appropriate where prior counsel was no longer employed by the law office which committed the error. (B:4).

[7] Mr. Torres acknowledges that, under *Lara v. Trominski*, 210 F.3d 470,473 (5th Cir. 2000), he cannot base a claim of ineffective assistance of counsel on the second error of counsel's office, to wit, where they misinformed him of the time limit for filing a petition for review. Therefore, the aspect of his motion to the BIA requesting that they re-issue their decision, which would have restored his right to judicial review, is foreclosed. However, the request that proceedings be reopened for receipt of a brief was based on the first error. As shown above, no grievance would have been appropriate with respect to that error. Hence, the

Because of this error, no brief was filed on behalf of Mr. Torres, and the appeal was decided with no input from him. It is this fact which forms the basis of his claim that, as a result of the ineffective assistance of counsel, his Due Process rights were violated with respect to his initial appeal, and the BIA should have granted the motion to reopen on the basis of ineffective assistance of counsel. Mr. Torres urges that, because no brief was filed, the BIA 1) overlooked various aspects of the evidence relating to the alleged abandonment of his residence, and 2) did not note that the Immigration Judge had not conducted a full evidentiary hearing on the question of abandonment.

This, he urges, simply demonstrates the *prejudice* resulting from the absence of a brief, assuming, *arguendo*, that prejudice is requried. The fact that the error in prior counsel's office deprived Mr. Torres of the opportunity to *file* a brief, and therefor, of the opportunity to be heard, in and of itself constitutes a denial of Due Process. *See, e.g., Chike v. INS*, 948 F.2d 961 (5th Cir.1991) (alien was deprived of significant liberty interest without due process when, through administrative mistake, he was not given notice of briefing schedule before BIA to enable him to present brief to that forum, and denial of opportunity to be heard was, in and of itself, substantial prejudice). [8]

---

requirements of *Matter of Lozada*, 19 I&N Dec. 637, 639 1998 WL 235454 (BIA *aff'd* 857 F.2d 10 (1st Cir. 1988)) were fulfilled with respect to the first error: the failure to file a brief.

[8] It is this fact which distinguishes the case at bar from *Toscano-Gil v. Trominski*, 210 F.3d 470,473 (5th Cir. 2000). In *Toscano-Gil*, the immigrant urged that the failure of the BIA to consider certain facts in and of itself violated Due Process. There, a brief had been filed, but the BIA simply overlooked certain facts. Here, as in *Chike*, the alien was denied the opportunity to file in brief on appeal. It was that denial which the Fifth Circuit held to violate Due Process. Significantly, in

4

**Third**: the Court overstates the law with respect to Petitioner's entitlement to Due Process in the adjudication of his motion to reopen, and the underlying application for §212(c) relief. (ORD:4-5). The cases cited by the Court do not address the issue of whether one who has properly filed a motion or application is entitled to Due Process in the manner in which it is adjudicated. In that regard, the case at bar is more akin to *Chike, supra,* where the Court made the following observation,

> We do not hold that the Due Process Clause requires the INS to afford an appeal. The INS does allow an appeal, however, and the appellant and appellee are allowed to file briefs. In Mr. Chike's case, a mistake deprived him of this opportunity. In these circumstances, the Board of Immigration Appeal could not render a decision in accord with the Due Process Clause.

While INS is not **required** to permit the filing of motions to reopen, such motions are permitted, and the instant motion was, indeed timely filed. Therefore, under *Chike*, Mr. Torres is entitled to Due Process in the manner in which it is adjudicated.

Nor do the cases cited address the situation where an individual has filed a **fee paid** motion or application, and asserts a **property** interest therein. [9] For example, in *Oguejiofor v. Attorney General*, 277 F.3d 1305 (11th Cir. 2002), the immigrant complained that he was not permitted to seek certain relief, because of the retroactive application of various provisions of law, not that he properly filed an application for relief, which was denied in a manner which violated Due Process. Likewise, although in *Smith v.*

---

*Chike,* the Court held that prejudice would be presumed where the immigrant was denied the opportunity to file a brief, on the grounds that this constituted a denial of the right to be heard.

[9] *See,* (G:109), which bears a stamp showing that on May 4, 1995, Mr. Torres paid $110 to file his motion to reopen.

5

*Ashcroft,* 295 F.3d 425 (4th Cir. 2002), the Court commented, at p. 430 that "the discretionary right to suspension of deportation does not give rise to a liberty or property interest protected by the Due Process Clause," it did not consider whether that conclusion would still hold if the immigrant had filed a **fee-paid** application. Indeed, case law from both the Supreme Court and the Fifth Circuit suggests that, in such a case, the conclusion would be different.

In *Mahone v. Addicks Utility District,* 836 F.2d 921 (5th Cir. 1988), the Fifth Circuit discussed the parameters of property interests, as set forth in *Board of Regents v. Roth,* 408 U.S. 564 (1972). As summarized therein, 836 F.2d at 929-30 (emphasis added):

> In *Roth,* the Supreme Court explained that the definition of "property interest," when it arises in the context of the fourteenth amendment, is not limited by traditional concepts of ownership. Consequently, besides protecting individual interests in real and personal property, the fourteenth amendment's **due process safeguards also extend to the "interests that a person has already acquired in specific benefits."** *Id.* at 576, 92 S. Ct. at 2708. The questions, therefore, are when and how a person acquires an "interest in specific benefits" which will trigger the due process clause. The Supreme Court explained "when" in *Roth*:
>
>> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. **It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined.** It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims.

In the case at bar, one must distinguish between §212(c) relief

itself, in which Mr. Torres can claim no liberty or property interest, and his *fee-paid* application for relief, [10] and *fee-paid* motion to reopen. Once he paid these fees, he had a right to rely on the application, and motion, being adjudicated in a fair manner. Therefore, he had property interests in the **applications**, if not in the underlying **relief.**

This principle can also be illustrated by assuming, *arguendo*, that the BIA had decided, *sua sponte,* to deny all motions to reopen filed after January 1, 1995. This would violate Due Process, under *Logan v. Zimmerman Brush*, 455 U.S. 422 (1982), which found a Due Process, and, per the concurring opinion, an Equal Protection, violation, where a statute terminated claims not receiving timely hearings. As held therein, 455 U.S. at 432 (emphasis added):

> Indeed, any other conclusion would allow the State to destroy at will virtually any state-created property interest. The Court has considered and rejected such an approach: "'While the legislature may elect not to confer a property interest, . . . **it may not constitutionally authorize the deprivation of such an interest, once conferred, without appropriate procedural safeguards.** . . . [The] adequacy of statutory procedures for deprivation of a statutorily created property interest must be analyzed in constitutional terms.'" *Vitek v. Jones*, 445 U.S., at 490-491, n. 6, quoting *Arnett v. Kennedy*, 416 U.S., at 167 (opinion concurring in part).

In essence, this is also the holding of *Chike, supra*. There is no constitutional mandate that an immigrant be given the right to an appeal. Indeed, like the right to file a motion to reopen, that

---

[10] Although the undersigned does not presently have access to the Immigration Court's copy of the original application for §212(c) relief, she would represent, on information and belief, that the appropriate fee was paid with respect thereto, and, if necessary, would request an evidentiary hearing on the issue.

right was previously conferred only by regulation. But once that right is conferred, and once the immigrant files a timely appeal, or motion, he is entitled to Due Process in the manner in which it is adjudicated. Although *Chike* was not based on the fact that the immigrant had paid a fee in connection therewith, it is urged that, under *Roth*, and *Mahone*, this fact would be controlling.

## II.  CONCLUSION

It is therefore urged that the Court grant a new trial, and/or amend or alter the Judgment, and that Mr. Torres' petition be granted, on grounds that:

1. Mr. Torres suffered from ineffective assistance of counsel, in that, due to an administrative error in the office of prior counsel, no brief was filed in support of his appeal;

2. Mr. Torres' explanation that prior counsel, Immigration Judge Margaret Burkhart, had left the employ of Texas Rural Legal Aid, and no other attorney had undertaken to represent Mr. Torres by filing a Notice of Appearance with the BIA, and that therefore there was no specific attorney against whom a grievance could have been filed, was adequate to fulfill the requirements of *Matter of Lozada, supra*;

3. While Mr. Torres does not have a liberty interest in §212(c) relief itself, he does have, at the very least, a property interest in having his timely failed motion to reopen for the purpose of filing a brief in support of his appeal from the denial of such relief adjudicated in a fair and reasonable manner, and

4. The BIA's assertion that Mr. Torres had not fulfilled the requirements of *Matter of Lozada, supra*, without discussion, and without distinguishing between the two errors committed by the

office of prior counsel, one of which, under *Lara v. Trominski, supra,* would have required the filing of a grievance, and one of which would not, is an insufficient basis on which to deny a fee-paid motion to reopen, grounded on ineffective assistance of counsel, and, under *Chike, supra,* does not comport with Due Process, regardless of whether he has demonstrated prejudice, and

5. In the alternative, Mr. Torres' showing that the BIA failed to consider certain evidence pertinent to the issue, and failed to consider Mr. Torres' claim that because the Immigration Judge had curtailed the receipt of evidence on this issue, a remand was required for a full evidentiary hearing, once the BIA determined that it was properly before the Court.

He therefore urges that the BIA's decision of March 4, 2002 be vacated, and the case remanded to the BIA with instructions to reopen proceedings for the purpose of permitting Mr. Torres to submit a brief in support of his appeal from the decision of the Immigration Judge.

Respectfully Submitted,

Lisa S. Brodyaga
Attorney at Law
17891 Landrum Park Rd.
San Benito, TX 78586
Fed Bar No: 1178
Texas Bar No: 03052800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, first-class postage prepaid, to Lisa Putnam, SAUSA, P.O. Box 1711, Harlingen, TX 78551, this 10th day of April, 2003.