15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 2 2003

Michael N. Milby
Clerk of Court

APOLINAR TORRES-ESPINO,       )
                              )
     Petitioner,              )
                              )
v.                            )
                              )    CIVIL ACTION NO. B-02-062
E.M. TROMINSKI, INS DISTRICT  )
DIRECTOR,                     )
                              )
     Respondent.              )
_____)

**RESPONDENTS' OPPOSITION TO PETITIONER'S
MOTION FOR A NEW TRIAL AND/OR TO AMEND OR ALTER JUDGMENT**

COMES NOW the Respondent, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and files this opposition to Petitioner's motion for a new trial and/or to amend or alter judgement. A motion to alter the judgment under Rule 59(e) is properly invoked "'to correct manifest errors of law or fact or to present newly discovered evidence.'" Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989) (quoting Keene Corp. v. Int'l Fid. Ins. Co., 561 F. Supp. 656, 665 (N.D. Ill. 1982)) (internal quotations omitted)). As set forth more fully below, the Petitioner's motion should be

denied because the Court properly denied the Petition for a Writ of Habeas Corpus. Petitioner has failed to tender newly discovered evidence or to show that the Court committed a "manifest error of law or fact."

I. **The Court's Incorrect Conclusion, That Torres-Espino's Motion to Reopen and Reconsider Was Untimely, Is Harmless Error and He Failed to Show He Was Prejudiced By This Conclusion.**

Torres-Espino is correct in his statement that his motion to reopen and reconsider filed May 4, 1995, was timely. See Petitioner's Motion for a New Trial and/or to Amend or Alter Judgment at 1-2 (hereafter "Pet. Mot. __"). However, he has failed to show how the Court's incorrect conclusion that it was untimely adversely influenced the Court's final decision.

On May 8, 1997, the Board of Immigration Appeals ("Board" or "BIA") addressed Torres-Espino's motion to reopen and reconsider. The Board determined that, based on Matter of Soriano, 21 I&N Dec. 516 (BIA 1996; A.G. 1997), Torres-Espino could not establish prima facie eligibility for §212(c) of the Immigration and Nationality Act ("Act"), 8 U.S.C. § 1182(c), relief. Consequently, the Board denied his motion to reopen and found no need to reconsider whether he had abandoned his lawful permanent resident status. Administrative Record ("A.R.") at 1-2.

After this Court vacated the Board's May 8, 1997, decision, the Government withdrew its appeal of this Court's decision, and new regulations were codified, the Board reviewed Torres-Espino's

motion to reopen and reconsider on its merits. See Government Exh. "O". It carefully analyzed all three of Torres-Espino's arguments.

First, Torres-Espino claimed that the immigration judge's and Board's findings that he had abandoned his lawful permanent resident status should be set aside because Torres-Espino was never properly charged with abandoning his status. The Board found that there was noting to preclude an immigration judge from raising the issue of abandonment of lawful permanent resident status in connection with a determination of an alien's eligibility for 212(c) of the Act, 8 U.S.C. § 1182(c), application. Additionally, the Board found that the parties were on notice that the immigration judge was considering the issue because he asked the parties to brief the issue. Id. at 2. Torres-Espino does not challenge these findings in his post-judgment motion.

Second, Torres-Espino claimed before the Board that the finding that he abandoned his residence should be set aside on the merits because the evidence does not clearly, unequivocally, and convincingly establish that he intended to abandon his home in this country. The Board found that its February 10, 1995, decision was "comprehensive and detailed in its discussion of the abandonment issue, and the respondent has not provided an adequate basis for us to reconsider that decision." Id. at 3. Torres-Espino does not challenge the Board's determination (or

- 3 -

the district court's conclusion that these evidentiary issues are not reviewable under habeas corpus) in his post-judgement motion.

Torres-Espino's third claim is that the proceedings should be reopened based on ineffective assistance of counsel. This is Torres-Espino's primary argument in his post-judgment motion and is addressed in the next two sections, which establish that there is no merit to his due process claim.

Therefore, Torres-Espino was not harmed by this Court's incorrect conclusion that the motion to reopen and reconsider filed on May 4, 1995, was untimely. The Board gave his motion to reopen and reconsider full and complete consideration in its decision on March 4, 2000.

## II. The Court Properly Rejected Petitioner's Ineffective Assistance of Counsel Claim For Failure to Satisfy the Requirements of Matter of Lozada.

Torres-Espino argues that the Court erred in rejecting his ineffective assistance of counsel claim on the basis that he failed to establish the requirements under Matter of Lozada, 19 I & N Dec. 637, 639, 1988 WL 235454 (BIA 1988), aff'd 857 F.2d 10 (1st Cir. 1988). Pet. Mot. 2-4. Specifically, this Court held in its March 31, 2003 order that, even assuming it had jurisdiction to address Torres-Espino's ineffective assistance claim, that claim must fail because Torres-Espino failed to submit a complaint against his prior counsel with the relevant disciplinary authority, as is required by Matter of Lozada. Order at 5-6. In its analysis, the Court noted that this Circuit

has interpreted the <u>Matter of Lozada</u> requirements strictly. <u>Id.</u> at 6. The Court discussed the Fifth Circuit's decision in <u>Lara v. Trominski</u>, 215 F.3d 487, 497 (5th Cir. 2000), which rejected the alien's "explanation" for why he did not file a disciplinary complaint against prior counsel. <u>Id.</u>

Similarly, in this case, Torres-Espino's "explanation" for why he did not file a complaint against prior counsel – because the attorney who previously represented him had left the Texas Rural Legal Aid and that organization never assigned the case to an another attorney (Pet. Mot. 2-3) – is unavailing. This is the <u>same</u> argument that Torres-Espino made to the Court in his prior pleadings [Petitioner's Opposition to INS' Motion to Dismiss and Submission of Pertinent Portions of the Record of Proceedings, Docket Entry #8 at 12-15] and the Court properly rejected the argument under the Circuit's decision in <u>Lara</u>.[1]

### III. The Court Properly Determined That Torres-Espino Cannot Succeed on His Due Process Claims Because He Cannot Establish Prejudice.

In its March 31, 2003 decision, the Court properly concluded that Petitioner's due process claims pertaining to the denial of discretionary immigration relief under former §212(c) of the Act,

---

[1] Indeed, Torres-Espino's argument, that there was no one against whom he could have filed a complaint, is without merit. Even assuming that Torres-Espino could not file a complaint against the legal organization, he does not adequately explain why the complaint was not filed against his prior counsel even though she had left the organization given that she was his attorney of record.

8 U.S.C. §1182(c), fail because such discretionary relief does not create a liberty or a property interest. See Order at 4-5. The Court cited to several circuit decisions, including decisions from the Fifth Circuit. Id. (citing Alfarache v. Cravener, 203 F.3d 381 (5th Cir. 2000); Gonzalez-Torres v. INS, 213 F.3d 899, 903 (5th Cir. 1999)).

In his post-judgment motion, Petitioner argues that the Court "overstates the law with respect to Petitioner's entitlement to Due Process in the adjudication of his motion to reopen, and the underlying application for §212(c) relief." Pet. Mot. 5. He tries to distinguish the instant case from those cases cited by this Court. Pet. Mot. 5-8. First, he argues that the cases cited by the Court do not "address the issue of whether one who has properly filed a motion or application is entitled to Due Process in the manner in which it is adjudicated." Pet. Mot. 5. Petitioner's distinction is somewhat unclear, but he appears to be arguing that due process claims relating to procedural matters, such as how an application is adjudicated, are cognizable in federal court without a specific showing of prejudice. Id. In this regard, he cites to the Fifth Circuit's decision in Chike v. INS, 948 F.2d 961 (5th Cir. 1991), which found that the alien had been denied procedural due process because he failed to receive the Board's briefing schedule and therefore did not have the opportunity to be heard on appeal. Id. at 963. The court determined that the alien established

- 6 -

prejudice because he did not have the opportunity to contest the deportation charges against him. Id.

Petitioner's argument and reliance on Chike is unpersuasive. Chike is fundamentally different from the instant case because discretionary relief was not at issue in Chike. The alien established prejudice in Chike based on the fact that he had no opportunity to contest any aspect of the Immigration Judge's deportation order because he did not get notice of the briefing schedule. In this case, the only issue pertains to whether Petitioner should be granted relief from deportation in the broad discretion of the Attorney General - Petitioner makes no claim that he was improperly charged as being deportable from the country. This is the crucial distinction which Petitioner overlooks.

Indeed, Petitioner's theory is directly contrary to recent Fifth Circuit precedent. For example, in United States v. Lopez-Ortiz, 313 F.3d 225 (5th Cir. 2002), cert. denied, __ U.S. __, 123 S. Ct. 922 (2003), the Fifth Circuit affirmed the line of cases cited by this Court regarding its due process analysis. Id. at 231 (citing Alfarache and Gonzalez-Torres). In that case, the court flatly rejected the argument that "eligibility for discretionary relief under §212(c) is an interest warranting constitutional due process protection." Id. at 230. The court explained that "'[a]s a piece of legislative grace, [§212(c)] conveyed no rights, it conferred no status, and its denial does

not implicate the Due Process clause.'"). Id. (citations omitted).

Nor can Petitioner distinguish his case on the basis that it is a "procedural" challenge. In Miranda-Lorez v. INS, 17 F.3d 84 (5th Cir. 1994), the alien raised a procedural challenge to his deportation proceedings based on the assertion that he suffered ineffective assistance of counsel because his prior attorney failed to timely file an application for Section 212(c) relief. Id. at 84-85. The Fifth Circuit denied the claim for failure to establish prejudice because Petitioner had failed to show a prima facia case for Section 212(c) relief. Id. Thus, Petitioner's due process claim, that he was denied the opportunity to file a brief because of ineffective counsel, is not sufficient to succeed without a showing of prejudice. And, as discussed above, he cannot do so given the discretionary nature of §212(c) relief. See also Mejia-Rodriguez v. Reno, 178 F.3d 1139, 1146 (11th Cir. 1999)(rejecting ineffective assistance claim and reasoning that "the failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest").

Petitioner also attempts to distinguish his case by arguing that the cases which this Court cited do not "address the situation where an individual has filed a fee paid motion or application and asserts a property interest therein."[2] Pet. Mot.

---

[2] Petitioner refers to the filing of his motion to reopen claiming that he paid a fee of $110. Pet. Mot. 5 n.8.

5. Petitioner's theory is that the filing fee for an application or motion creates a property interest and establishes prejudice for purposes of his due process claim. Pet. Mot. 5-7. But the case law hardly supports Petitioner's assertion. For example, in Mejia-Rodriguez, the alien had filed a motion to reopen (and thus paid a filing fee as Petitioner claims here) to assert ineffective assistance of counsel. 178 F.3d at 1146. Yet, in that case, despite the payment of a filing fee for the motion to reopen, the court did not find there to be a property interest to sustain a due process challenge. See also Achacoso-Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir. 1985) (holding that aliens did not enjoy a protectable liberty interest in the reopening of deportation proceedings or the adjustment of immigration status). Indeed, as Petitioner himself indicates, (see Pet. Mot. n. 10), the filing of a §212(c) application also requires a fee. That filing fee, however, has not led the courts to conclude that aliens have a property interest in §212(c) relief sufficient to raise a due process challenge. See, e.g., Lopez-Ortiz, 313 F.3d 225; Oguejiofor, 277 F.3d 1305; Smith, 295 F.3d 425.

Indeed, Petitioner's argument is fundamentally flawed because the requirement of prejudice in immigration proceedings requires an alien to establish that the outcome might have been different had the alleged violation not occurred. See Anwar v. INS, 116 F.3d 140, 144 (5th Cir. 1997)("Anwar must make a prima facie showing that he was eligible for asylum and that he could

have made a strong showing in support of his application."). The fact that an alien pays a fee for an adjudication that he was unhappy with does not create a constitutionally-protected interest sufficient to vacate the agency action absent some showing that, but for the alleged defect there would be a strong chance of a different result.[3] Accordingly, the Court should reject Petitioner's arguments.

Furthermore, Petitioner's due process claims should be denied because, as this Court found in its March 31, 2003 order, those claims fail as well on their merits. Thus, the Court concluded that, in challenging the March 4, 2002 Board decision, Petitioner failed to establish ineffective assistance of counsel because he did not meet the requirements of Matter of Lozada, 19 I & N Dec. 637, 639. Order at 5-6. Specifically, Petitioner failed to file a complaint with the relevant disciplinary authorities against prior counsel. Id. at 6. Petitioner argues that it was not practical to file such a complaint. Pet. Mot. 2-3. As argued, supra, however, his argument is unpersuasive.

Furthermore, as this Court found, there is no merit to Petitioner's other "vague" due process claim that the Board's March 4, 2002 decision failed to meaningfully consider the issues raised in his motions. See Order at 6-7. The Court concluded that the Board's March 4 decision is "comprehensive in its

---

[3] Petitioner's theory seems to be grounded more in contract law.

analysis and addresses the arguments in Petitioner's motion to reopen and reconsider." Id. In his post-judgment motion, Petitioner fails to challenge any aspect of this holding.

## CONCLUSION

For all the foregoing reasons, this Court should deny Petitioner's motion for a new trial and/or to amend or alter judgment.

        Respectfully submitted,

        ROBERT D. McCALLLUM, JR.
        Assistant Attorney General
        Civil Division

        EMILY ANNE RADFORD
        Assistant Director

        PAPU SANDHU
        Senior Litigation Counsel
        Office of Immigration Litigation
        Civil Division
        Department of Justice
        P.O. Box 878, Ben Franklin Station
        Washington, D.C. 20044
        (202) 616-9357

        MICHAEL T. SHELBY
        United States Attorney
        Southern District of Texas

        LISA M. PUTNAM
        Special Assistant U.S. Attorney
        P.O. Box 1711
        Harlingen, Texas 78551
        Tel: (956) 389-7051
        Georgia Bar No. 590315
May 12, 2003        Federal Bar No. 23937

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Respondents' Opposition to Petitioner's Motion For a New Trial And/or to Amend or Alter Judgement was mailed via first class mail, postage prepaid to:

>Lisa Brodyaga, Esquire
>Refugio Del Rio Grande
>17891 Landrum Park Rd.
>San Benito, TX  78586

on this 12th day of May, 2003.

_____
LISA M. PUTNAM
Special Assistant United States Attorney