UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| APOLINAR TORRES-ESPINO ) | |
| ) | |
| v. ) | C.A. No. B-02-062 |
| ) | |
| E.M. TROMINSKI, INS DISTRICT ) | |
| DIRECTOR ) | |
| _____) | |

**PETITIONER'S POINTS AND AUTHORITIES IN SUPPORT OF OPPOSED MOTION
FOR NEW TRIAL AND/OR TO AMEND OR ALTER JUDGMENT**

Apolinar Torres-Espino, through the undersigned, hereby files the instant Points and Authorities in Support of his pending motion for a new trial, and/or to amend or alter the Judgment herein.

In his motion, Mr. Torres briefed the issue of whether he could assert a property interest in his motion to reopen, but not whether he could claim a liberty interest in the underlying relief. Having done more research on that issue, he would present the following points and authorities on that question.

   **I.   HABEAS JURISDICTION REACHES THE ISSUES RAISED HEREIN**

In *INS v. St. Cyr*, 533 U.S. 289 (2001), the sole issue was the effective date of the repeal of §212(c) of the Act. In Part III of the dissent, by Justice Scalia, with whom the Chief Justice, Justice Thomas, and Justice O'Connor joined, the minority argued strenuously that the Court should not reach the petitioner's claim, because he allegedly had no Due Process interest in discretionary relief. 121 S.Ct. at 2303 (some internal citations omitted):

> Given the insubstantiality of the due process and Article III arguments against barring judicial review of respondent's claim (the Court does not even bother to mention them, and the Court of Appeals barely acknowledges them), I will address them only briefly.
>
> The Due Process Clause does not "[r]equir[e] [j]udicial [d]etermination [o]f" respondent's claim, Brief for

>Petitioners in *Calcano-Martinez, v. INS*, O.T.2000, No. 00-1011, p. 34. Respondent has no legal entitlement to suspension of deportation, no matter how appealing his case. "[T]he Attorney General's suspension of deportation [is] "an act of grace" which is accorded pursuant to her 'unfettered discretion,' ..., and [can be likened, as Judge Learned Hand observed,] to "a judge's power to suspend the execution of a sentence, or the President's to pardon a convict," ... " *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30, 117 S.Ct. 350, 136 L.Ed.2d 288 (1996).

Perhaps the reason that the majority did not "bother to mention" these arguments is that they were not on point. The issue before the Court in *St. Cyr,* as in the case at bar, was not whether the Petitioner *deserved* discretionary relief, but whether the opportunity to *seek* such relief was improperly denied. And the minority's characterization of *INS v. Yueh-Shaio Yang, supra,* as holding that relief from deportation is an "act of grace," also misses the point. In *Yueh-Shaio Yang*, the Court examined the pertinent statute to determine what factors could be considered in adjudicating an application for discretionary relief, and concluded that she had "unfettered discretion" not in terms of whether the Attorney General could arbitrarily decide not to make such relief available, but *in deciding what factors to consider*. That the exercise of discretion was not immune to scrutiny for errors of law is shown by the very issue under consideration therein! [1] And even in the context of the application for a pardon, or suspension of a criminal sentence, no known case has ever upheld a procedure, or erroneous interpretation of law, which impermissibly precluded someone from *requesting* such relief, on the basis that the ultimate

---

[1] This misconception is behind cases such as *Mohammed v. Ashcroft*, 261 F.3d 1244 (11th Cir. 2001), rejecting claims relating to the improper denial of discretionary relief in Sentencing Guidelines cases. As discussed below, different standards apply to challenges to criminal prosecutions for unlawful re-entry after deportation, than to initial habeas review of an un-executed order.

2

decision to *grant or deny* relief was an "act of grace." [2]

If a federal court sitting in habeas corpus, as in *St. Cyr,* has the power to decide that the Attorney General improperly deprived an immigrant of the ability to seek discretionary relief, on the basis of an error of law, that Court has equal power to determine that the deprivation was improper where it derived from a constitutional violation. To hold otherwise would gut the Historic Writ in the context of deportation cases, a result which the Supreme Court has uniformly rejected throughout the history of our nation. *See, Heikkila, v. Barber*, 345 U.S. 229 (1953).

Under the legal regime of the 1891 and 1917 Immigration Acts, two cases involving the denial of discretionary relief reached the Supreme Court. Notably, both were decided shortly *after Heikkila* specifically confirmed that Congress intended the courts to engage only in that review absolutely "required by the Constitution." These cases illustrate that the Suspension Clause requires the review of the denial of discretionary relief for both *constitutional and non-constitutional error*. *U.S. ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); and *U.S. ex rel. Hintopoulos v. Shaughnessy*, 353 U.S. 72 (1957).[3]

In *Accardi*, the Court remanded *for an evidentiary hearing* on a

---

[2] *See, Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 663 (1974) (statute retroactively removing parole constitutionally impermissible as an *ex post facto* law); *Lindsey v. Washington*, 301 U.S. 397 (1937) (statute changing maximum sentence to mandatory sentence for offense committed before enactment is impermissible *ex post facto* law).

[3] Although decided after 1952, both *Hintopoulos* and *Accardi* arose under the 1917 Act. *Accardi*, at 261; *Hintopoulos*, at 73.

claimed Due Process violation in the denial of discretionary relief, to wit, that the application had been "prejudged" by virtue of the Attorney General's issuance, prior to the BIA's decision, of a confidential list of "unsavory characters," which included the petitioner, which the petitioner claimed made it impossible for him to secure fair consideration of his case. *Accardi* is particularly significant because, as in *St. Cyr,* the majority ruled in favor of the immigrant over the objection of the dissent that habeas review did not extend to the denial of discretionary relief, and was available only to challenge the finding of deportability. The concern that Mr. Torres' claims are unreviewable because the underlying relief is discretionary, overlooks the *Heikkila* period. In fact, like the dissenters in *St. Cyr*, the dissent in *Accardi* argued, 347 U.S. at 269 (Jackson, J. dissenting) (emphasis added):

> -Petitioner... does not question his deportability or the validity of the order to deport him. .... Congress vested in the Attorney General ... discretion as to whether to suspend deportation ... *We think a refusal to exercise that discretion is not reviewable on habeas corpus...*

The dissenters' assertions were necessarily rejected by the majority in both *Accardi* and *St. Cyr*. In both cases, the majority granted habeas relief and ordered a lawful exercise of discretion.

The decisions of the courts of appeals under the 1891 and 1917 Acts likewise confirm that the constitutionally-mandated habeas review of deportation orders includes review of constitutional *and* non-constitutional claims alleging that an improper legal standard was used in denying *discretionary* relief. [4]

---

[4]   *See, e.g., Stone ex rel. Colonna v. Tillinghast*, 32 F.2d 447 (1st Cir. 1929) (affirming denial of discretionary relief); *Gabriel v. Johnson*, 29 F.2d 347 (1st Cir. 1928) (reviewing sufficiency of evidence for discretionary relief); *Domenici v.*

4

Most recently, in *Demore v. Kim*, __ U.S. __ (2003), 2003 U.S. LEXIS 3428, the Court held that 8 U.S.C. §1226(e), which states that "the Attorney General's discretionary judgment regarding the application of this section shall not be subject to review" and that "no court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien," did not deprive the federal courts of jurisdiction to grant habeas relief to aliens challenging their detention under §1226(c). The Court held that the immigrant was not challenging a "discretionary judgment" by the Attorney General or a "decision" that the Attorney General had made regarding his detention or release, but that the challenge was to the statutory framework that permitted detention without bail. The Court reiterated that where Congress intends to preclude judicial review of constitutional claims, its intent must

---

*Johnson*, 10 F.2d 433 (1st Cir. 1926) (reviewing sufficiency of evidence and affirming denial of discretionary relief); *Mastrapasqua v. Shaughnessy*, 180 F.2d 999 (2d Cir. 1950) (overturning denial of discretionary relief based on arbitrary application of statute); *U.S. ex rel. De Sousa v. Day*, 22 F.2d 472 (2d Cir. 1927) (reversing denial of discretionary relief based on agency's improper construction of statute); *U.S. ex rel. Picicci v. District Director*, 181 F.2d 304,306 (2d Cir. 1950) (misconstrued statute); *U.S. ex rel. Exarchou v. Murff*, 265 F.2d 504 (2d Cir. 1959) (overturning denial of discretionary relief based on insufficient evidence); *U.S. ex rel. Berman v. Curran*, 13 F.2d 96 (3d Cir. 1926) (reversing denial of discretionary relief based on misconstruction of statute). *See also Gonzalez-Martinez v. Landon*, 203 F.2d 196 (9th Cir.) (rejecting claim that discretionary relief was improperly denied), *cert. denied*, 345 U.S. 998 (1953); *U.S. ex rel. McKenzie v. Savoretti*, 200 F.2d 546 (5th Cir. 1952) (reviewing agency's construction of statute and affirming denial of discretionary relief); *Hee Fuk Yuen v. White*, 273 F. 10 (9th Cir.) (finding agency rule governing eligibility was reasonable), *cert. denied*, 257 U.S. 639 (1921); *Alexiou v. McGrath*, 101 F. Supp. 421,423-24 (D.D.C. 1951); *U.S. ex rel. Hadrosek v. Shaughnessy*, 101 F. Supp. 432,434-36 (S.D.N.Y. 1951); *U.S. ex rel. Patti v. Curran*, 22 F.2d 314,316-17 (S.D.N.Y. 1926).

be clear. *See* also, *Webster v. Doe,* 486 U.S. 592,603 (1988). And, where a provision precluding review is claimed to bar habeas review, the Court requires a particularly clear statement that such is Congress' intent. *See also INS v. St. Cyr,* 533 U.S. at 308-309.

## II.   THIS COURT MAY REVIEW FOR DUE PROCESS VIOLATIONS, EVEN WHERE THE UNDERLYING RELIEF SOUGHT IS DISCRETIONARY.

Nor do cases such as *U.S. v. Lopez-Ortiz,* 313 F.3d 225 (5th Cir. 2002), bar consideration of the issues raised herein. *Lopez-Ortiz* involved unlawful re-entry. There, the alien had lost his permanent resident status, and was contesting only an enhancement to his sentence. In such cases, the test is "fundamental unfairness," and the threshold is quite high. As noted in *U.S. v. Encarcacion-Galvez,* 964 F.2d 402, 408 (5th Cir. 1992), quoting *U.S. v. Palacios-Martinez,* 845 F.2d 89, 92 (5th Cir. 1988):

> In evaluating a criminal trial, the threshold for establishing that the trial was fundamentally unfair is quite high. The standard for evaluating a civil proceeding like deportation to establish the foundation for a criminal offense should be no lower.

Therefore, this Court is not bound by language from cases such as *Lopez-Ortiz,* that an alien has no vested right to discretionary relief and thus no Due Process rights with respect thereto. *Lopez-Ortiz* was an unlawful re-entry case. That the standard to be applied in such cases is different from that which would be applied if the immigrant had not been removed, and was challenging the removal order in habeas corpus can be seen from a comparison of *Lopez-Ortiz* and *St. Cyr.* Not coincidentally, the same error of law was involved in both cases: the denial of the opportunity to seek §212(c) relief, due to an incorrect legal interpretation. As the Court noted in *Lopez-Ortiz, supra* at 230:

> Therefore, St. Cyr established Lopez-Ortiz's eligibility for § 212(c) relief at the time of his removal, and the Immigration Judge's contrary understanding, although in

6

compliance with BIA precedent, was an erroneous application of the law.

The issue was the same in both cases: was the immigrant improperly deprived of the opportunity to seek §212(c) relief. In both cases, the answer was yes. That error of law entitled one immigrant to habeas relief, but did not mandate suppression of the previously executed deportation order of the other. The difference in the result derives from the different standards to be applied, on initial habeas review of an un-executed order, and in determining whether there is such fundamental unfairness in an executed order that it cannot form an element of a criminal offense.

Moreover, to hold that an error of law will support habeas review of the denial of the opportunity to apply for discretionary relief, but that a constitutional violation will not, would be to ignore the history of habeas review of deportation orders. *See, Cano-Miranda v. Ashcroft*, 262 F.3d 477 (5th Cir. 2001). *See also Heikkila v. Barber, supra;* and *Accardi, supra* at 504 (emphasis added):

> If petitioner can prove the allegation [that relief was denied because his name was on a secret list], he should receive a new hearing before the Board without the burden of previous proscription by the list. After the recall or cancellation of the list, the Board must rule out any consideration thereof and in arriving at its decision exercise its own independent discretion, **after a fair hearing, which is nothing more than what the regulations accord petitioner as a right**. ... Of course, he may be unable to prove his allegation before the District Court; but he is entitled to the opportunity to try. If successful, he may still fail to convince the Board or the Attorney General, in the exercise of their discretion, that he is entitled to suspension, **but at least he will have been afforded that due process required** by the regulations in such proceedings

It is therefore submitted that, regardless of whether the erroneous denial of the opportunity to apply for discretionary relief renders removal proceedings fundamentally unfair for purposes of sentencing

7

an immigrant who unlawfully re-entered after deportation, an immigrant is entitled to assert both errors of law, and Due Process violations, in habeas review of an un-executed deportation order.

It is therefore submitted that, regardless of whether the erroneous denial of the opportunity to apply for discretionary relief renders removal proceedings fundamentally unfair for purposes of sentencing an immigrant who unlawfully re-entered after deportation, an immigrant is entitled to assert both errors of law, and Due Process violations, in habeas review of an un-executed deportation order, even where the ultimate relief sought is discretionary.

Respectfully Submitted,

Lisa S. Brodyaga
Attorney at Law
17891 Landrum Park Rd.
San Benito, TX 78586
Fed Bar No: 1178
Texas Bar No: 03052800

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was personally delivered to Lisa Putnam, SAUSA, 1709 Zoy St., Harlingen, Texas, this 12th day of May, 2003.