IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 1 9 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| APOLINAR TORRES-ESPINO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-062 |
| § | |
| E.M. TROMINSKI AND § | |
| JOHN ASHCROFT § | |
| § | |
| Respondent. § | |

### ORDER DENYING PETITIONER'S OPPOSED
### MOTION FOR NEW TRIAL AND/OR TO
### AMEND OR ALTER JUDGMENT

BE IT REMEMBERED that on May 19, 2003, the Court **DENIED** Petitioner's Opposed Motion for New Trial And/Or to Amend or Alter Judgment [Dkt. No. 12].

I.  **Background**

On March 31, 2003, the Court entered an order (the "March Order") denying Petitioner's petition for writ of habeas corpus. The Court also entered a final judgment disposing of the case. On April 10, 2003, Petitioner filed a motion seeking either a new trial or an amendment or alteration of the March Order, Respondent filed an opposition, Petitioner filed additional points and authorities in support of his motion,[1] and the motion is now ripe for consideration by the Court.

---

[1] In Petitioner's Points and Authorities In Support of Opposed Motion for New Trial And/Or to Amend or Alter Judgment [Dkt. No. 16], he writes: "Having done more research on that issue, he would present the following points and authorities on that question." What Petitioner fails to understand is that his writ of habeas corpus and briefs in support thereof were his opportunity to research and argue his position.

II.   **Discussion**

   A.   **Standards**

      1.   **Rule 59(a) Motion For New Trial**

The Court has discretion to grant a new trial under Federal Rules of Civil Procedure Rule 59(a) where it is necessary "to prevent an injustice." *U.S. v. Flores*, 981 F.2d 231 (5th Cir. 1993); *see also Delta Engineering Corp. v. Scott*, 322 F.2d 11, 1516 (5th Cir. 1963), *cert. denied*, 377 U.S. 905 (1964).

      2.   **Rule 59(e) Motion To Alter Or Amend Judgment**

The Court has considerable discretion to grant or to deny a motion under Rule 59(e). *See Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993); *Lavespere v. Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). The Court's reconsideration of a prior order is an extraordinary remedy which should be used only sparingly. *See Fields v. Pool Offshore*, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999). The Court must "strike the proper balance between the need for finality and the need to render a just decision on the basis of all the facts." *Bohlin*, 6 F.3d at 355. A Rule 59(e) motion, however, cannot be used to relitigate issues with new arguments that could and should have been presented before the judgment was rendered. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). "For reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions." *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689 (M.D. Fla. 1994). Thus, a Rule 59(e) motion may not be used merely to relitigate old matters. *See Dale & Selby Superette v. Department of Agric.*, 838 F. Supp. 1346 (D. Minn. 1993). There are four basic grounds upon which a Rule 59(e) motion for reconsideration may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. *See Motor Vehicle Mfrs. Ass'n v. New York State Dep't of Envtl. Conservation*, 831 F. Supp. 57, 60 (N.D.N.Y. 1993), *aff'd in part, rev'd in part on other grounds*, 17 F.3d 521 (2nd Cir. 1994) (reconsideration warranted where court has overlooked matters or controlling decisions that might have materially influenced earlier decision). Second, the motion for reconsideration may be

granted so that the moving party may present newly discovered or previously unavailable evidence. *See Waltman v. International Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). Third, the motion for reconsideration will be granted if necessary to prevent manifest injustice. *See Atlantic States Legal Found., Inc. v. Karg Bros., Inc.*, 841 F. Supp. 51, 53 (N.D.N.Y.1993). Fourth, a Rule 59(e) motion may be justified by an intervening change in the controlling law. *See Sussman*, 153 F.R.D. at 694; *Atlantic States*, 941 F. Supp. at 53.

### B.   Petitioner's Motion

Petitioner presses three arguments in support of his Rule 59(a) and (e) motion. First, Petitioner argues that the Court's decision is flawed because it is based on the factual assumption that the Petitioner's motion to reconsider was filed late. Second, Petitioner argues that the Court failed to address his due process claim based on the failure of Petitioner's first counsel to file a brief in support of his appeal. Lastly, Petitioner argues that the Court "overstates the law with respect to petitioner's entitlement to Due Proceed in the adjudication of his motion to reopen, and the underlying application for §212 (c) relief." Each of these arguments fails.

### C.   Analysis

#### 1.   Flawed Factual Assumption Argument

In the background section of the March Order, the Court stated: "On May 4, 1995, Petitioner filed a motion to reopen and reconsider the BIA's February 10, 1995, decision. Any motion or petition for judicial review was due on or before March 11, 1995. Petitioner's motion, therefore, was late." Petitioner and Respondent agree that the motion to reopen was timely filed.

The timeliness of the motion to reopen is irrelevant. The Court's order was not based the timeliness of the motion. Rather, the Court denied Petitioner relief with respect to his claim on the motion to reopen on two distinct basis, namely that Petitioner failed to satisfy the requirements of *Matter of Lozada*, 19 I & N Dec. 637, 639, 1988 WL 235454 (BIA *aff'd* 857 F.2d 10 (1st Cir. 1988)), and that Petitioner failed to state a constitutional claim. The timeliness of the motion to reopen was not a basis for the Court's decision and is not a basis for altering or amending the March Order or

granting a new trial.

### 2. Failure To File Brief Arguments

Petitioner's second argument, that the Court failed to address his due process claim based on the failure of Petitioner's first counsel to file a brief in support of his appeal, is irrelevant. The Court determined that Petitioner's ineffective assistance claim was flawed because he had not satisfied the requirements of *Lozada*. Regardless of the nature of the ineffective assistance, Petitioner was required to meet the *Lozada* requirements.

Petitioner also argues that this case falls within the ruling of *Chike v. INS*, 948 F.2d 961, 962 (5th Cir. 1991), which held that an alien who did not file an appellate brief because the government never informed him of the briefing schedule was denied due process when his appeal was decided with neither a brief or argument from the alien. This case is factually distinct. In *Chike* the government failed to inform the alien of the briefing schedule; in this case, Petitioner's attorney simply did not file a brief, despite knowing when and how to file such a brief.[2] Moreover, *Chike* is inapplicable because Petitioner does not have due process protected interest in §212 (c) relief.

### 3. Overstatement Of The Law Argument

Finally, Petitioner claims the Court "overstates the law" because the Court did not consider "whether one who has properly filed a motion or application is entitled to Due Process in the manner in which it is adjudicated. In that regard, the case at bar is more akin to *Chike* . . .." Petitioner further argues that because the motion to reopen was a "fee-paid application" he had a property interest in the application being fairly adjudicated, even if he did not have a property interest in the relief.

These arguments are not grounded in Fifth Circuit precedent. In case after case, the Fifth Circuit has held that an alien does not have a property interest in §212 (c)

---

[2]     Petitioner is adamant that the attorneys at Texas Rural Legal Aid ("TLRA") erred in his case. However, Petitioner has never filed a grievance against either TLRA or any individual attorney. These positions are inconsistent, and Petitioner's attempts to explain the futility of filing such a grievance are not convincing. At the very least, had Petitioner filed such a grievance the *Lozada* requirements would have been satisfied.

relief. Despite having the opportunity, the Fifth Circuit has not held that an alien has a property interest in the fair adjudication of a §212 (c) application for relief.

### III.   Conclusion

Petitioner fails to explain how his arguments in his motion for new trial and/or to amend or alter judgment satisfy either the Rule 59(a) or (e) standards. The Court views Petitioner's arguments as nothing more than an attempt to relitigate issues already decided by the Court. The Court further concludes Petitioner's arguments are meritless. Therefore, Petitioner's Opposed Motion for New Trial And/Or to Amend or Alter Judgment [Dkt. No. 12] is **DENIED**.

DONE at Brownsville, Texas, this 19th day of May 2003.

Hilda G. Tagle
United States District Court